Kyle Wallor
LAMSON, DUGAN AND MURRAY, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114
Telephone (402) 397-7300
Facsimile (402) 397-7824

Stephen R. Thomas, ISB No. 2326
Tyler J. Anderson, ISB No. 6632
MOFFATT, THOMAS, BARRETT, ROCK &
    FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho 83701
Telephone (208) 345-2000
Facsimile (208) 385-5384
srt@moffatt.com
tya@moffatt.com

Attorneys for Plaintiff
Union Pacific Railroad Company

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SYRINGA HOLDINGS, LTD. CO.,<br><br>　　　　Defendant. | Civil No. _____<br><br>**COMPLAINT** |

COMES NOW the plaintiff, Union Pacific Railroad Company, for its causes of

action against the defendant and states and alleges as follows:

## PARTIES

1.      The plaintiff, Union Pacific Railroad Company (Union Pacific), is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located in Omaha, Nebraska. Union Pacific operates as an interstate rail carrier subject to the jurisdiction of the U.S. Surface Transportation Board.

2.      Syringa Holdings, Ltd. Co. is a corporation organized and existing under the laws of the state of Idaho with its principal place of business in Boise, Idaho. Syringa Holdings, Ltd. Co. may be served by delivering process by certified mail, return receipt requested, to its registered agent for service, William D. Trammel at 8324 Westchester Boise, Idaho 83704.

## JURISDICTION AND VENUE

3.      Paragraphs 1 and 2 of this Complaint are incorporated as if fully set forth herein.

4.      This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1337(a) as Union Pacific's action against the defendant arises under the Interstate Commerce Act, 49 U.S.C. § 10101 et seq.

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

6.      Venue of this action is appropriate in the United States District Court for the Idaho, pursuant to 28 U.S.C. § 1391 (b)(1) in that Syringa Holdings, Ltd. Co. resides within the District and 28 U.S.C. § 1391 (b)(2) in that a substantial part of the events or omissions giving raise to the claims arose within the District.

7. Venue of this action is appropriate in the United States District Court for the Idaho, Southern Division, in that Syringa Holdings, Ltd. Co. resides in Ada County, Idaho.

## FACTS

8. Paragraphs 1 through 7 of this Complaint are incorporated by this reference as if fully set forth herein.

9. The subject matter of this action stems from freight charges assessed pursuant to applicable agreements, tariffs, and rates governing the common carriage of freight by interstate rail carriers. Pursuant to the request of the defendant, in December 2005 and continuing to August 2006, Union Pacific initiated movements of freight via interstate rail within the contiguous United States on behalf of the defendant. Union Pacific presented the defendant with freight bills for each movement, and demanded payment of freight charges, in accordance with the rates set forth in the applicable agreements and tariffs at issue in this case.

10. The total amount of freight and accessorial charges due and owing to Union Pacific from the defendant for freight moves initiated in June 2006 is SIX HUNDRED EIGHTY-NINE THOUSAND, SEVEN HUNDRED AND SIXTY-ONE DOLLARS AND ZERO CENTS ($689,761.00), of which a systematic record has been kept.

11. Despite demand for payment by Union Pacific, the defendant has failed and refused to pay the account. Union Pacific's demands include:

    a. A demand letter sent by Union Pacific to the defendant on September 8, 2006, attached as Exhibit "A" and incorporated herein by this reference.

Despite Union Pacific's repeated demands for payment, the defendant has not tendered payment for the amount owed at the time of the filing of this Complaint and SIX HUNDRED EIGHTY-NINE THOUSAND, SEVEN HUNDRED AND SIXTY-ONE DOLLARS AND ZERO CENTS ($689,761.00) in charges for movement of freight remains due and owing to Union Pacific.

## ACTION ON ACCOUNT

12.     Paragraphs 1 through 11 of this Complaint are incorporated by this reference as if fully set forth herein.

13.     Union Pacific's services to the defendant were provided on an open account. The defendant accepted the services and became bound to pay Union Pacific the designated freight and accessorial charges incurred, which were reasonable and customary for such services. Union Pacific kept a systematic record of the defendant's charges on the account which SIX HUNDRED EIGHTY-NINE THOUSAND, SEVEN HUNDRED AND SIXTY-ONE DOLLARS AND ZERO CENTS ($689,761.00) and attaches the account of the charges incurred as Exhibit "B". The account represents the record of the services provided by Union Pacific to the defendant and is kept in the ordinary course of Union Pacific's business.

14.     This claim is just and true, it is due, and all lawful and just offset, payments, and credits have been allowed.

WHEREFORE, Union Pacific prays the Court enter judgment against the defendant in the total amount SIX HUNDRED EIGHTY-NINE THOUSAND, SEVEN HUNDRED AND SIXTY-ONE DOLLARS AND ZERO CENTS ($689,761.00) and accrued interest, costs of this suit, attorney fees pursuant to Idaho Code § 12-120, 12-121, and other applicable law, and other such relief as the Court deems just and proper.

## BREACH OF CONTRACT

15.     Paragraphs 1 through 14 of this Complaint are incorporated by this reference as if fully set forth herein.

16.     As evidenced by invoices for each movement identified in Exhibit "B", from time to time in June 2006 and thereafter, the defendant requested and Union Pacific agreed

to transport freight on behalf of the defendant in exchange for payment of its freight and related charges. Union Pacific performed the shipping itemized in Exhibit "B." In performing the shipping itemized in Exhibit "B," Union Pacific satisfied all terms and conditions of the contracts and provided all services agreed to under each contract. The defendant accepted the services.

17. The fair, reasonable and agreed to charges for the services itemized in Exhibit "B" total SIX HUNDRED EIGHTY-NINE THOUSAND, SEVEN HUNDRED AND SIXTY-ONE DOLLARS AND ZERO CENTS ($689,761.00).

18. The defendant has materially breached the contracts by failing and refusing to pay the charges due for the movements of the freight.

WHEREFORE, Union Pacific prays the Court enter judgment against the defendant in the total amount of SIX HUNDRED EIGHTY-NINE THOUSAND, SEVEN HUNDRED AND SIXTY-ONE DOLLARS AND ZERO CENTS ($689,761.00) and accrued interest, costs of this suit, attorney fees pursuant to Idaho Code § 12-120, 12-121, and other applicable law, and other such relief as the Court deems just and proper.

## QUANTUM MERUIT

19. Paragraphs 1 through 18 are incorporated by this reference as if fully set forth herein.

20. As evidenced by invoices for each movement identified in Exhibit "B", Union Pacific agreed to provide freight movement and services to the defendant in June 2006, and thereafter, at the request of the defendant.

21. Union Pacific performed the shipping itemized in Exhibit "B."

22.     The fair, reasonable and agreed to charges for the services itemized in Exhibit "B" total SIX HUNDRED EIGHTY-NINE THOUSAND, SEVEN HUNDRED AND SIXTY-ONE DOLLARS AND ZERO CENTS ($689,761.00).

23.     The defendant received the benefit of the freight movements and services, but has failed and refused to pay the charges due for the services rendered.

WHEREFORE, Union Pacific prays the Court enter judgment against the defendant in the total amount of SIX HUNDRED EIGHTY-NINE THOUSAND, SEVEN HUNDRED AND SIXTY-ONE DOLLARS AND ZERO CENTS ($689,761.00) and accrued interest, costs of this suit, attorney fees pursuant to Idaho Code § 12-120, 12-121, and other applicable law, and other such relief as the Court deems just and proper.

DATED this 18th day of December, 2006.

LAMSON, DUGAN AND MURRAY, LLP

MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED

By _____
Tyler J. Anderson – Of the Firm
Attorneys for Plaintiff
Union Pacific Railroad Company